United States District Court
For the District of New York
Southern Division

| | |
|---|---|
| New Horizon Church Ministry,<br><br>      Plaintiff,<br>v.<br><br>Elliot Spitzer, in his official Capacity as<br>Governor of New York; Andrew Cuomo, in<br>his official capacity as Attorney General<br>Of the State of New York; Michael<br>Bloomberg, in his official capacity as Mayor<br>Of NYC; Robert M. Bennett, in his capacity<br>As Chancellor of the Board of Regents;<br>Joel I. Klein, in his capacity as Chancellor of<br>The NYC Department of Education; Thomas<br>F. Egan, in his capacity as Chairman of the<br>Board of Trustees of the State University<br>Of New York;<br><br>      Defendants. | Case No.<br><br>**07 CIV. 9512**<br><br>COMPLAINT<br><br>**JUDGE ROBINSON** |

Plaintiff, New Horizon Church Ministry, by and through the undersigned counsel, brings this Complaint against the above-named Defendants, for violating it's constitutionally protected, first Amendment, free exercise of religion rights and equal protection rights by barring it from operating a charter school. In support of its Complaint, New Horizon Church Ministry alleges the following:

## **PARTIES**

1. Plaintiff, New Horizon Church Ministry, is a "religious" entity organized under Article 10 of the New York Religious Corporations law; Rev. Michel J. Faulkner is President and Pastor of the organization, which is located at 2576 Broadway, NY, NY, 10025.

2. Elliot Spitzer is the Governor of the State of New York and its chief executive officer; Spitzer is responsible for implementing the laws of the State of New York as well as the policies, practices, procedures, rules, regulations, guidelines and orders of the Executive Branch of state government, including the departments and offices that have been named as defendants in this action; Spitzer is ultimately responsible for enforcing the laws, policies, and regulations governing overall education and, specifically, charter school operation that has violated New Horizon Church Ministry's first Amendment rights; Spitzer is sued in his official capacity.

3. Andrew Cuomo is the Attorney General of the State of New York; Cuomo is responsible for implementing the laws of the State of New York as well as the policies, practices, procedures, rules, regulations, guidelines and orders of the Executive Branch of state government, including the departments and offices that have been named as defendants in this action; Cuomo is ultimately responsible for enforcing the laws, policies, and regulations governing overall education and, specifically, charter school operation that has violated New Horizon Church Ministry's first Amendment rights; Cuomo is sued in his official capacity.

4. Michael Bloomberg is the Mayor of NYC and its Chief executive officer; Bloomberg is responsible for implementing the laws of the City of New York as well as the policies, practices, procedures, rules, regulations, guidelines and orders related to State and Federal education mandates. Bloomberg is also responsible for appointing the Chancellor of the NYC Board of Education, which is authorized to approve charter school applications. Bloomberg is sued in his official capacity.

5. Robert M. Bennett is the Chancellor of the Board of Regents; The Regents is authorized to approve charter school applications and is responsible for the general supervision of all educational activities within the State, presiding over The University and the New York State Education Department; The Regents is responsible for implementing the policies and regulations governing overall education and, specifically, charter school operation that has violated New Horizon Church Ministry's first Amendment rights; Bennett is sued in his official capacity.

6. Joel I. Klein is Chancellor of the NYC Department of Education; The Department is authorized to approve charter school applications and is responsible for the general supervision of all educational activities within New York City and New York County; Klein is sued in his official capacity.

7. Thomas F. Egan is Chairman of the Board of Trustees of the State University of New York; The Board is authorized to approve charter school applications and is the governing body of the State University of New York; Egan is sued in his official capacity.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over all claims in the Complaint, including claims arising under the United States Constitution and 42 U.S.C. § 1983, pursuant to 28 U.S.C. §§ 1331 and 1343 (a)(3) and (a)(4), which confer original jurisdiction on United States District Courts in suits to redress the deprivation of rights, privileges and immunities, as stated herein.

9. Venue lies in the District pursuant to 28 U.S.C. § 1391(a). Plaintiff is located in this District. Defendants are located in this District. The events giving rise to this action occurred in this District.

## STATEMENT OF FACTS

10. In December 1998, Governor George Pataki signed the New York Charter Schools Act ("Act") for the purpose of organizing and operating independent and autonomous public schools, called charter schools. The Act is codified in Article 56 of the New York Education Code.

11. The purpose of the Act is to authorize a system of charter schools to provide opportunities for teachers, parents, and community members to establish and maintain schools that operate independently of existing schools and school districts in order to 1) improve student learning and achievement; 2) increase learning opportunities for all students, with special emphasis on expanded learning experiences for students who are at-risk of academic failure; 3) encourage the use of different and innovative teaching methods; 4) create new professional opportunities for teachers, school administrators and other school personnel; 5) provide parents and students with expanded choices in the types of educational opportunities that are available within the public system; and 6) provide schools with a method to change from rule-based to performance-based accountability systems by holding the schools established under this article accountable for meeting measurable student achievement results.

12. New Horizon Church Ministry is a corporation organized under Article 10 of the New York Religious Corporations Law that is authorized to do business in the State of New York and is interested in applying to become and operating a charter school

13. §2854 2(a) of Article 56 in part reads: 2. Admissions; enrollment; students. (a) A charter school shall be nonsectarian in its programs, admission policies, employment practices, and all other operations and shall not charge tuition or fees; provided that a charter school may require the payment of fees on the same

basis and to the same extent as other public schools. A charter school shall not discriminate against any student, employee or any other person on the basis of ethnicity, national origin, gender, or disability or any other ground that would be unlawful if done by a school. Admission of students shall not be limited on the basis of intellectual ability, measures of achievement or aptitude, athletic ability, disability, race, creed, gender, national origin, religion, or ancestry; provided, however, that nothing in this article shall be construed to prevent the establishment of a single-sex charter school or a charter school designed to provide expanded learning opportunities for students at-risk of academic failure. A charter shall not be issued to any school that would be wholly or in part under the control or direction of any religious denomination, or in which any denominational tenet or doctrine would be taught.

14. Reverend Faulkner, has a personal stake in the education and well-being of the children in his community. Having three children of his own, Reverend Faulkner saw first hand the failures of the public school system (overcrowded classrooms, overworked and/or ineffective teachers). Seeing the school system failing his children, Reverend Faulkner was forced to put his children in private school in order for them to obtain a proper education.

15. Most members of Reverend Faulkner's community do not have the means to send their children to private school. Reverend Faulkner wants all children in his community to have the same opportunities as his. The only way that will happen is for these children to attend a charter school.

16. Considered a "sectarian" entity by official charter authorizing entities, New Horizon Church Ministry has been barred from operating a charter school under Article 56.

17. Defendants have barred New Horizon Church Ministry from submitting a charter school application.

18. Laws such as §2854 of Article 56 are derived from laws based on the so-called "Blaine Amendment". The Blaine Amendment is named after James G. Blaine, a former Member of the House of Representatives who sought to pass a United States Constitutional amendment making it a United States law that public funds could not be used to support "sectarian" schools riding a wave of anti-Catholic sentiment using it as a political tool to be used in his failed bid for the Presidency. The proposed amendment passed the House but failed in the Senate. During the time in question, 1876, the goal of the Blaine Amendment was not to stop theological teachings in public schools, as the Blaine Amendment's final version included: "This article shall not be construed to prohibit the reading of the Bible in any school or institution." It was meant to maintain a monopoly over public funds for schools which were used for the teaching of Protestant morality.

19. Anti-Catholicism was so rampant during this time that many states passed their own version of the Blaine Amendment and Congress forced new states to include versions of the Blaine Amendment in order to gain admission into the Union.

20. The bigotry that continues to exist in today's versions of the Blaine Amendment finds its roots in discrimination against religious entities.

## COUNT I
### Violation of United States Constitution
### Fourteenth Amendment: Equal Protection
### (42 U.S.C. § 1983)

21. Paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

22. Defendants, acting under the color of state law, have deprived and continue to deprive the Plaintiff of its equal protection of the laws, as secured by the Fourteenth Amendment to the United States Constitution, by denying the Plaintiffs the ability to operate a charter school on the basis of the suspect classification of religion, on the basis of a law passed with discriminatory or otherwise irrational intent, and on the basis of the Plaintiffs exercise of its fundamental rights.

## COUNT II
### Violation of United States Constitution
### First and Fourteenth Amendments: Free Exercise of Religion
### (42 U.S.C. § 1983)

23. Paragraphs 1 through 19 are incorporated by reference as if fully set forth herein.

24. Defendants, acting under the color of state law, have deprived and continue to deprive the Plaintiff of its right to the free exercise of religion, as secured by the First and Fourteenth Amendment to the United States Constitution, by denying the Plaintiffs the ability to operate a charter school on the basis of religious status, and by targeting Plaintiff because of its religious status.

25. A primary purpose of The First Amendment is to keep government from selectively relegating individuals and/or entities who act on religious conviction to a lower class when public benefits are distributed. The New York Charter Schools Act demotes entities such as Plaintiff and other similarly situated to second-class citizens solely because of their religious status by forbidding Plaintiff to even apply for a charter school.

26. The New York Charter Schools Act is nothing more than an attempt by the State to erect a barrier for those who express their religious beliefs from access to public resources that are generally available to all others, as long as they do not publicly express their religious affiliation or beliefs. This type of selective discrimination by the State of New York clearly violates the Free Exercise Clause of the First Amendment, which has been incorporated to apply to the states through the Fourteenth Amendment.

27. The essential purpose of the Free Exercise clause is to prohibit discrimination of religion, as the Supreme Court has stated before, based on the "fundamental non-persecution principal". The New York Charter Schools Act defies this principal by treating Plaintiff's religious expression as a disability which prohibits Plaintiff from even applying for generally available funds. The Supreme Court has made it clear that the Free Exercise Clause prohibits states from enacting such laws which would punish individuals or entities for their religious conduct.

28. The Free Exercise Clause condemns laws such as the New York Charter Schools Act because they force those who choose to express their religious beliefs to bear the burden of the discrimination while not being able to reap any of the benefits that are generally available to the public.

## COUNT III
### Violation of United States Constitution
### First and Fourteenth Amendments: Freedom of Speech
### (42 U.S.C. § 1983)

29. Paragraphs 1 through 21 are incorporated by reference as if fully set forth herein.

30. Defendants, acting under the color of state law, have deprived and continue to deprive the Plaintiff of its right to free speech, as secured by the First and Fourteenth Amendment to the United States Constitution, by denying the Plaintiffs the ability to operate a charter school solely because of its religious views, and by targeting Plaintiff for special disfavor because they possess a religious viewpoint.

31. In enacting the New York Charters Schools Act the state of New York has essentially created a forum for a broad but defined range of groups. However, groups such as Plaintiff are excluded from participation solely because of Plaintiff's expression of its religious purpose. Discriminating against a group only for its religious affiliation or viewpoint has consistently been condemned by the Supreme Court.

32. The New York Charter Schools Act classification of Plaintiff as a religious entity is its basis, or at least results in Plaintiff's speech and ideas being denied entry into a public forum that is generally available to the public at large. These actions by the State clearly violate Plaintiff's freedom of speech.

### REQUEST FOR RELIEF

33. A declaratory judgment that the part of §2854 2(a) of Article 56 of the New York Education Code that reads, "A Charter shall not be issued to any school that would be wholly or in part under the control or direction of any religious denomination, or in which any denominational tenet or doctrine would be taught," be stricken;

34. An order enjoining the Blaine Amendment, to the extent it compels the Defendant to discriminate against religious entities;

35. An order enjoining the Defendants from enforcing the law which denies New Horizon Church Ministry the right to operate a charter school merely because it is a religious entity and require Defendants to certify and make available an equal opportunity for New Horizon's application to be accepted and evaluated strictly on the merits as other non-profit entities applying to operate a charter school in New York State;

36. Awarding costs and attorney fees pursuant to 42 U.S.C. § 1988; and

37. Awarding such other relief as this Court shall deem just and equitable.

Respectfully submitted this 24 Day of October 2007,

By: _____
Richard Mahfouz
Clerkin & Sinclair LLP
964 5th Avenue
San Diego, CA, 92101-1529
Phone: (214) 592-4018
Fax: (214) 975-2893
Attorney for Plaintiff
Bar # RM 0096