

RECEIVED
MAY 21 2008
SWEET CHAMBERS



CALIFORNIA
NEW YORK
TEXAS
WISCONSIN

# CLERKIN & SINCLAIR, LLP
ATTORNEYS AT LAW

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 6
DATE FILED: 6/17/08

May 20, 2008

<u>Via Facsimile Transmission</u>

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 1007

Re:  <u>New Horizon Church Ministry v. David Paterson</u>
S.D.N.Y. Case No. 08 CV 3842 (RWS)

<u>New Horizon Church Ministry v. Eliot Spitzer</u>
S.D.N.Y. Case No. 07 CV 9512 (RWS)

Dear Judge Sweet:

By order dated March 20, 2008, this court dismissed <u>New Horizon Church Ministry v. Eliot Spitzer</u>, Case No. 07 CV 9512 (RWS), for failure to prosecute, without prejudice. On April 23, 2008, the plaintiff filed <u>New Horizon Church Ministry v. David Paterson</u>, Case No. 08 CV 3842 (RWS). On or about May 12, 2008 the defendant sent a letter to you by fax requesting that you dismiss <u>New Horizon Church Ministry v. David Paterson</u>, Case No. 08 CV 3842 (RWS) pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure. On May 13, 2008, you granted the defendants request and dismissed the case.

Federal Rules of Civil Procedure Rule 41(b) reads:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

*Handwritten annotations by Judge:* Treat as motion returnable June 3. This motion is denied on the basis of the opposition set forth in the June 5 letter of the Attorney General. So ordered. Sweet USDJ 6-13-08

CLERKIN & SINCLAIR, LLP

CALIFORNIA OFFICE
964 FIFTH AVE, SUITE 235
SAN DIEGO, CA 92101
(619) 699-5902

TEXAS OFFICE
2824 CREEK BEND DRIVE
McKINNEY, TX 75070
(214) 592-4018

www.clerkinlaw.com

The defendant either knowingly or unintentionally cited an inapplicable case (Plaut v. Spendthrift Farm, 514 U.S. 211) in its May 13, 2008 letter deceiving your Honor as to the applicable law. The district court in Plaut dismissed the case **with prejudice** for failure of the plaintiff to file its cause of action within the applicable statute of limitations period. Your Honor dismissed New Horizon Church Ministry v. Eliot Spitzer, Case No. 07 CV 9512 (RWS) **without prejudice**, thus allowing the plaintiff to refile its case.

Your Honor "stated otherwise" pursuant to Rule 41(b) by dismissing New Horizon Church Ministry v. Eliot Spitzer, Case No. 07 CV 9512 (RWS) without **prejudice**, giving the plaintiff the ability to refile its suit. See Lopez-Gonzalez v. Municipality of Comerio, 404 F.3d 548, 553. Further, the Lopez-Gonzales, citing Semtek Int'l, Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001), case stated "A dismissal without prejudice, as opposed to an adjudication upon the merits, "is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim.""

Since the Plaintiff was not barred from filing New Horizon Church Ministry v. David Paterson, Case No. 08 CV 3842 (RWS) as New Horizon Church Ministry v. Eliot Spitzer, Case No. 07 CV 9512 (RWS) was dismissed **without prejudice** and thus was not an adjudication upon the merits, the Plaintiff requests New Horizon Church Ministry v. David Paterson, Case No. 08 CV 3842 (RWS) be reinstated and your Honor order the Defendant to answer the Plaintiff's complaint.

Respectfully submitted,

*Richard Mahfouz*

Richard Mahfouz, Esq.

Attorney for Plaintiff

Enclosure: Proof of Service of New Horizon Church Ministry v. David Paterson, Case No. 08 CV 3842 (RWS)

cc: Monica Connell, Esq. (Via Fax)