**FILED ELECTRONICALLY**

United States District Court
For the District of New York
Southern Division

|  |  |  |
|---|---|---|
| New Horizon Church Ministry, | ) | Case No.:   07 cv 9512 (RWS) |
| Plaintiff, | ) |  |
| v. | ) |  |
| Elliot Spitzer, in his official capacity as Governor of New York, | ) | **PLAINTIFF'S MEMORANDUM OF SUPPORT OF ITS MOTION FOR RECONSIDERATION** |
| Defendant. | ) |  |

Pursuant to Rule 60(B)(1) and (6) of the Federal Rules of Civil Procedure and Local Rule 6.3 of this Court, Plaintiff seeks reconsideration of the Court's order dated March 20, 2008 and docketed on March 24, 2008 ("Order") granting Defendant's Request to dismiss. This motion is brought at this time as, pursuant to Federal Rule of Civil Procedure Rule 58(2)(c)(2)(B), judgment has been entered more than 150 days from the entry of the Order on the civil docket. Specifically, Plaintiff respectfully requests that the Court reconsider the Order and reinstate this case, permitting the Plaintiff to identify the proper defendants and to immediately serve the complaint on the defendants.

**BRIEF STAEMENT OF FACTS**

On March 20, 2008, and docketed on March 24, 2008, this Court dismissed the above case heading, for failure to prosecute, which is the subject of this Motion For Reconsideration. Believing it was acting within the Order, Plaintiff re-filed its case against the new Governor David Paterson on April 23, 2008 identified by Case No.: 08 cv 3842 (RWS) which this Court subsequently dismissed and such dismissal is currently under appeal with the 2nd Circuit Court of Appeals identified by Docket No.: 08-3577-cv

**I. Rule 60(B)(1) of the Federal Rules of Civil Procedure is Applicable in this Case because of an Apparent Misunderstanding of the Order**

## STANDARD OF REVIEW

"When a Rule 60(b)(1) motion is made, the District Court denies or grants relief based on its discretionary appraisal of the particular facts of the case." *Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573, 576 (C.A.4 (Md.), 1973).

## ARGUEMENT

Rule 60(B)(1) of the Federal Rules of Civil Procedure provides that relief from a Final Judgment because of mistake, inadvertence, surprise, or excusable neglect can be had.

The Order reads: "For failure to prosecute, this case is dismissed without prejudice. Plaintiff is given an additional thirty (30) days to show cause why the case should be reopened." The Plaintiff took the "dismissed without prejudice" to mean it could re-file its case as provided for in Lopez-Gonzalez v. Municipality of Comerio, 404 F.3d 548, 553, citing Semtek Int'l, Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001) which stated: "A dismissal without prejudice, as opposed to an adjudication upon the merits, "is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim." The Plaintiff further undertook an exhaustive search of case law to determine whether limiting language, such as "Plaintiff is given an additional thirty (30) days to show cause why the case should be reopened", had any limiting factor or converted a case that was dismissed without prejudice to dismissed with prejudice. Plaintiff did not find any such case law. With this belief Plaintiff filed a new case against the new Governor David Paterson within the thirty (30) day window the Court gave for the Plaintiff to show cause.

The Plaintiff meant no disrespect to the Court when Plaintiff chose to file a new case against the new Governor David Paterson and did not respond within thirty (30) days as provided for in the court's Order of March 20, 2008. Plaintiff and its attorneys' apologize to the Court for not responding to the request to show cause.

Plaintiff believed it was operating within the Order and in accordance with the law. Should this case be allowed to move forward the Plaintiff assures the Court that it will respond to all of the Court's requests, follow all local rules, file an amended petition immediately naming the correct parties to the law suit, immediately serve the correct parties, and expeditiously move this litigation to a conclusion.

Should the Court be gratuitous enough to allow equity to prevail and permit Plaintiff's case to go forward, there will be no prejudice to the Defendant. Further, equity suggests that a procedural issue should not be the sole reason why Plaintiff's voice and its legitimate claims are not heard. As stated above, Plaintiff requests that its case be permitted to go forward, that Plaintiff be given the opportunity to correct any procedural defects in its case, so that justice may done and equity may prevail.

Plaintiffs' activities as stated above fall within the mistake, inadvertence, surprise, or excusable provisions of Rule 60(B)(1).

## II. Rule 60(B)(6) of the Federal Rules of Civil Procedure is Applicable as Justifiable Equitable Relief

### STANDARD OF REVIEW

Rule 60(B)(6) applies in "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990)

### ARGUEMENT

Rule 60(B)(6) of the Federal Rules of Civil Procedure provides that a court may relieve a party or its legal representative from a final judgment for "any other reason that justifies relief."

The State of New York would not be prejudiced by the Court reinstating this case, as there have been no hearings, motions, or discussions on the merits of Plaintiff's legitimate claims. If this case is not reinstated the Plaintiff will be inequitably injured as its case will not be heard. As set forth above, the Plaintiff believed the Court was granting it the right to bring a new and separate case against the State of New York by this case being dismissed without prejudice. The Plaintiff once again apologizes for not responding to the Courts request to show cause, but through its research Plaintiff believed it was taking the correct action by filing the second law suit. The Plaintiff should not suffer what amounts to a death penalty sanction due to procedural mistakes. Plaintiff's action of filing the second law suit within the thirty (30) day time period set out in the Court's Order of March 20, 2008, and appeal of the subsequent dismissal, shows that the Plaintiff desires to have its case heard.

The Plaintiff again apologizes to the Court for not answering the Courts March 20, 2008 request to show cause, but Plaintiff believed it was operating under the Order and in accordance with the law. Should this case be allowed to move forward, the Plaintiff assures the Court that it will respond to all of its requests and to follow all local rules.

## III. CONCLUSION

Accordingly the Plaintiff respectfully requests that the Court reinstates this case, whereby the Plaintiff will immediately amend the complaint to show the appropriate defendants, serve the defendants, and move the case to a quick resolution.

Respectfully submitted this 29th Day of August 2008,

By:  /S/Richard Mahfouz
Richard Mahfouz
Clerkin & Sinclair LLP
964 5th Avenue
San Diego, CA, 92101-1529
Phone: (214) 592-4018
Fax: (214) 975-2893
Attorney for Plaintiff
Bar # RM0096

CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper *via* overnight service with DHL to the non-CM/ECF participants indicated on the attached Manual Notice List.

By: _/S/Richard Mahfouz_____
Richard Mahfouz
Clerkin & Sinclair LLP
964 5th Avenue
San Diego, CA, 92101-1529
Phone: (214) 592-4018
Fax: (214) 975-2893
Attorney for Plaintiff
Bar # RM0096

**Mailing Information for a Case 1:07-cv-09512-RWS**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Richard Mahfouz**
rmahfouz@clerkinlaw

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- Monica Connell, AAG
State of New York
Office of the Attorney General
120 Broadway
New York, New York 10271-0332

- Laura Johnson, AAG
State of New York
Office of the Attorney General
120 Broadway, 25th Floor
New York, New York 10271